UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

**Caption in Compliance with D.N.J. LBR 9004-2c**
Joseph P. Slawinski, Esq.
Law Offices of Steven A. Varano, P.C.
96 Newark Pompton Turnpike
Little Falls, New Jersey 07424
jps@varanolaw.com
Telephone: 973-256-1414
Facsimile: 973-256-6111
*Attorney for Movant, Selene Finance, LP, as attorney in fact for Wilmington Savings Fund Society FSB d/b/a Christiana Trust, as Trustee of Normandy Mortgage Loan Trust, Series 2016-2*

Chapter 7

Case No.: 17-28341 VFP

Hearing Date: November 21, 2017
10:00 a.m.

In re

JULIO CESAR MUNOZ a/k/a JULIO CESAR ANGULO,

    Debtor(s)

**BANKRUPTCY JUDGE
VINCENT F. PAPALIA**

## CERTIFICATION IN SUPPORT OF MOTION TO VACATE THE AUTOMATIC STAY AS TO RESIDENTIAL REAL PROPERTY AND IN RESPONSE TO THE CERTIFICATION OF DEBTOR NANCY B. BAILEY

I, Joseph P. Slawinski, Esq., of full age hereby certify as follows:

1. I am an Attorney at Law in the State of New Jersey, and a member of the Law Offices of Steven A. Varano, P.C., attorneys for Selene Finance, LP, as attorney in fact for Wilmington Savings Fund Society FSB d/b/a Christiana Trust, as Trustee of Normandy Mortgage Loan Trust, Series 2016-2 in this matter. As such, I am fully familiar with the facts as set forth herein and I am authorized to make this Certification in support of the movant's Notice of Motion to Vacate the Automatic Stay, and to permit the movant to continue with and to complete the Eviction

proceedings regarding the property located at 821-23 2nd Place, #823, Plainfield, New Jersey 07060-2579 (the "Property").

2.    On April 21, 2014 a Complaint in Mortgage Foreclosure was filed in the Superior Court of New Jersey, Chancery Division, Union County, against Julio Munoz, the former owner of the Property (Exhibit A attached hereto).

3.    On September 9, 2016 a Final Judgment was filed with the Court against the Debtor (Exhibit B attached hereto).

4.    On July 13, 2017 a Notice of Sheriff's Sale was sent to the Debtor advising that a Sheriff's Sale was scheduled on July 26, 2017 (Exhibit C attached hereto).

5.    On July 26, 2017 the Property was sold at a Sheriff's Sale to Wilmington Savings Fund Society FSB d/b/a Christiana Trust, as Trustee of Normandy Mortgage Loan Trust, Series 2016-2, and assigned to Wilmington Savings Fund Society FSB D/B/A Christiana Trust, as Trustee of Normandy Mortgage Loan Trust, Series 2016-2.

6.    Subsequent to the Sheriff's Sale, the Debtor filed a bankruptcy petition on September 8, 2017.

7.    The automatic stay provisions do not apply to the case at bar and Movant should be permitted to proceed with the eviction of the former mortgagor.  The Third Circuit clearly addressed the issue in In re Connors, 497 F.3d 314 (3d Cir. 2007) where the facts were akin to the matter at hand.  In Connors, the debtor defaulted on the mortgage on his residence and the property was eventually sold at a Sheriff's Sale on November 10, 2004. Id. 317.  On November 14, 2004, Connors filed a voluntary petition under Chapter 13 of the Bankruptcy Code triggering an automatic stay of proceedings under 11 U.S.C. § 362.  Id.   The debtor failed to object to the

foreclosure sale or redeem within 60 days of the filing of his Chapter 7 petition, as is permitted

under N.J. Ct. R. 4:65-5 and 11 U.S.C. § 108(b).

   8.  The Third Circuit found that the sole issued to be decided was whether a Chapter 13

debtor has the right to cure a default on a mortgage secured by the debtor's principal residence

between the time the residence is sold at a foreclosure sale and the time the deed is delivered. Id.

at 318.  First, the Court adopted the "gavel" rule and found that a property is "sold" at the

Sheriff's sale.  Id. 320-21.  The Court explained that equitable title is transferred to the purchaser

at the Sheriff's sale and the delivery of the deed has been described as "a ministerial act,

routinely performed, which does not affect the redemption rights of the parties." Id. at 321.

   9.  The Court then explained that the debtor has certain post-sale remedies that may be

extended by operation of the Code.

> "When a bankruptcy petition is filed before the expiration of a statutory grace period, if
> need be § 108(b) can extend the grace period for 60 days from the date of the filing of the
> petition." *Counties Contracting & Constr. Co. v. Constitution Life Ins. Co.,* 855 F.2d
> 1054, 1059 (3d Cir.1988).  Under New Jersey law, the applicable grace period is the ten-
> day period to object, pursuant to N.J. Ct. R. 4:65-5, or redeem, pursuant to *Hardyston.*
> When a Chapter 13 petition is filed during the ten-day period, this period is extended to
> 60 days from the filing of the petition by operation of § 108(b). Connors, therefore, had
> 60 days from the filing of his petition to object or redeem. When he failed to do so,
> Lakeridge's equitable title was no longer subject to defeasance. Id.  at 321 (emphasis
> added).

  10. In the case at bar, the petition was filed subsequent to the expiration of the 10-day period

of redemption under New Jersey law.   Accordingly, there was no extension of the 10-day right to

redeem or object to the sale.  Further, Defendant did not exercise his right to redeem or object to

the sale.  Accordingly, the purchaser's title is no longer subject to defeasance and the purchaser is

entitled to possession of the property.

11. Accordingly, an Order should be entered granting Movant's request for relief from the Automatic Stay pursuant to 11 U.S.C. 362(d) and permitting the Movant to continue with and to complete the evictions of the residential real property located at 821-23 2nd Place, Plainfield, New Jersey 07060.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

Respectfully Submitted,

/s/ Joseph P. Slawinski
Joseph P. Slawinski, Esq.
Law Offices of Steven A. Varano, P.C.
96 Newark Pompton Turnpike
Little Falls, New Jersey 07424
iak@varanolaw.com
Telephone: 973-256-1414
Facsimile: 973-256-6111
*Attorney for Movant, Selene Finance, LP, as attorney in fact for Wilmington Savings Fund Society FSB d/b/a Christiana Trust, as Trustee of Normandy Mortgage Loan Trust, Series 2016-2*

Dated:  November 13, 2017

# EXHIBIT A

RECEIVED    MONDAY 4/21/2014 3:50:13 PM 11820186

FILED Apr 21, 2014

Udren Law Case # MJU 13080381-1
**U D R E N   L A W   O F F I C E S ,  P.C.**
Woodcrest Corporate Center
111 Woodcrest Road, Suite 200
Cherry Hill, NJ 08003
(856) 669-5400
**Attorneys for Plaintiff: Veroneque Blake, Esq ID  038912010**

| | |
|---|---|
| **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-1**<br>PLAINTIFF, | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>UNION COUNTY<br><br>F -015694-14 |
| vs. | DOCKET NO: F- |
| **JULIO MUNOZ, STATE OF NEW JERSEY, IRIS ROSARIO, MARY A. MUNOZ, THUNDERBOLD HOLDINGS LTD LLC, JANE DOE, TENANT (NAMES BEING FICTITIOUS), JOHN DOE, TENANT (NAMES BEING FICTITIOUS), FICTITIOUS SPOUSE OF JULIO MUNOZ, ET AL** | |
| DEFENDANT(S) | CIVIL ACTION<br>COMPLAINT IN MORTGAGE FORECLOSURE |

Plaintiff, **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-1**, c/o **Carrington Mortgage Services, LLC** with its principal offices at **1610 E. St. Andrew Place, #B150, Santa Ana, CA 92705** says:

<u>FIRST COUNT</u>

1.      On 07/31/2008, **Julio Munoz**, executed to **Bank of America, N.A.** a Note to secure the sum of **$403,665.00** with interest thereon at **5.75000%** initially, on the unpaid balance until paid, said principal and interest to be paid in monthly installments commencing on **09/01/2008** and on the same day of each month thereafter until the principal and interest are paid in full, except that the final payment of principal and interest, if not paid sooner, shall be due and payable on **08/01/2038.**

2. To secure payment of the said Note, **Julio Munoz**, executed to **Bank of America, N.A.**
a mortgage of even date with the Note. Said Mortgage was duly recorded on **08/11/2008**
in **Union** County in Mortgage Book **M12549**, Page **0160** . Said Mortgage **is** a purchase
money mortgage.

2A.    If the loan has been modified, the last modification is as follows:

**Date of modification:**

**New Principal Balance:**

**Interest Rate:**

3.    A description of the mortgaged premises, commonly known as **821-23 2nd Place,**
**Plainfield, NJ 07060** is attached hereto as Schedule A. Either the metes and bounds description
is contained in the mortgage, or the description is delineated by municipal tax map block and lot
reference. No metes and bounds description or tax map block and lot reference is contained in
the mortgage if this property is a condominium. The legal description contained herein was
taken from the mortgage.

4.    Plaintiff owns and holds the Note and Mortgage.  If Plaintiff owns and holds the
Note and Mortgage by virtue of Assignment of Mortgage, it is by assignment of record as
follows:

**Assignor: Bank of America, N.A.**

**Assignee: Secretary of Housing and Urban Development**

**Date of Assignment: 03/03/2014**

**Recording Date: 03/10/2014**

**Book: AB1414**

**Page: 0511**


**Assignor: Secretary of Housing and Urban Development**

**Assignee: Christiana Trust, A Division of Wilmington Savings Fund Society,**

**FSB, as Trustee for Stanwich Mortgage Loan Trust, Series 2013-1**

**Date of Assignment: 03/03/2014**

**Recording Date: 03/10/2014**

**Book: AB1414**

**Page: 0514**

5.      John Doe and Jane Doe, tenants (names being fictitious) are joined as party defendants to this action because they are occupants of the premises and may have a leasehold interest therein. However, no possession is sought against any tenant protected by the New Jersey Anti-Eviction Statute (N.J.S.A. 2A:18-61.1, et seq.)

6.      If one or more Fictitious Spouses are named as Defendants, it is because one or more party Defendants executed the Note, Mortgage or Deed as a single person. The Deed does not set forth the marital status of said Defendants at the time title to the mortgaged premises was acquired and/or executing the Note and Mortgage. In the event that said Defendants were married at the time of or subsequent to taking title to the property or executing the Note and Mortgage, a Fictitious Spouse is made a Defendant by virtue of any interest whatsoever he or she may have acquired in the mortgaged premises, including but not limited to any possessory, curtesy or dower interest he or she may hold in the premises as the spouse the record Owner(s). The names of aforementioned Fictitious Spouse/s are not known at this time. Title to the mortgaged premises is vested only in **Julio Munoz** .

7.      Said Note further provided that, in addition to the foregoing installments of principal and interest, the obligors promised to make monthly payments to be applied in the manner, set forth in the Mortgage securing the Note.

8.      Said Note and Mortgage set forth terms that, should any default be made in the payment of any monthly installment when the same shall be due and said default is not cured by the next payment due date, then mortgagee, in its sole discretion, can declare the entire principal and any other sums required to be paid to be then due and payable immediately. Mortgagor(s) are currently due for the **12/01/2008** payment, and thereafter, Plaintiff hereby elects that the whole of the debt shall now be due. The legal default date (thirty days after contractual due date) is **01/01/2009.**

9.      Said Note provided that the mortgagee may collect a monthly late charge of **4.0%** of any payment due and not received within 15 days of the payment due date.

10.     During the course of this action, the plaintiff may be obligated to make advances for the payment of taxes, insurance premiums and necessary expenses to preserve the security, and such sums advanced under the terms of the Note, together with interest, are to be added to the amount due on the mortgage debt and secured by the plaintiff's mortgage.

11.     Notice was sent in compliance with the Fair Foreclosure Act, Chapter 50 of Title 2A of the New Jersey Statutes, more than thirty-one (31) days prior to the filing of this

complaint.

12.    If there are instruments or liens appearing in the **Union** County Clerk's Office or docketed judgments in the Superior Court of New Jersey which affect or may affect the premises described herein, they are hereby named as a party defendants and listed as indicated on the attached Exhibit.

12A.    If a child support judgment is attached, Plaintiff wishes to foreclose only on the amount that accrues after the plaintiff's mortgage.

13.    If a Condominium Association is named herein as a party defendant, it is by virtue of any outstanding fees and charges not currently recorded as a lien but may be due and payable to the association under N.J.S.A. 46:8B-21a.   If said Condominium or Homeowners Association has filed a Notice of Assessment Lien, the information is as follows:

> **Name: None**
> **Amount: $**
> **Notice of Assessment Lien Recording Date:**
> **Book:**
> **Page:**

14.  If subordinate Mortgage Holders are named as party Defendants, it is by virtue of the following recorded mortgages:

> **Mortgagee/Last Assignee of Record: None**
> **Mortgagor/s: ,**
> **Amount: $**
> **Recording Date:**
> **Book:**
> **Page:**

15. If the United States of America is named as a party Defendant, it is by virtue of a Notice of Federal Tax Lien file/recorded as follows:

> **Against: None,**
> **Amount: $**
> **Notice of Assessment Lien Recording Date:**

**Book:**

**Page:**

16.    Any interest or lien which any of the defendants herein has or claims to have in or upon the said mortgaged premises or some part thereof is subject to the lien of plaintiff's mortgage.

WHEREFORE, plaintiff demands judgment:

a) Fixing the amount due on its mortgage and declaring said mortgage to be prior to any and all interest of the defendants.

b) Barring and foreclosing the defendants and each of them from all equity of redemption in and to said lands.

c) Directing that the plaintiff be paid the amount due on its mortgage with interest and costs.

d) Adjudging that said lands be sold according to law to satisfy the amount due plaintiff.

e) Appointing a receiver of rents, issues and profits of said lands.

SECOND COUNT

1.    Plaintiff repeats the allegations in the paragraphs contained in the First Count of the Complaint, and makes same a part hereof as if repeated at length.

2.    Plaintiff is entitled to possession of the premises described in Paragraph 3 of the First Count.

3.    Defendants, **JULIO MUNOZ;** fictitious spouses, if any, John Doe and Jane Doe, Tenants (names being fictitious) may be in possession of the premises described in Paragraph 3 of the First Count and have at all times deprived plaintiff of possession of said premises.

WHEREFORE, plaintiff demands judgment against the defendants:(a) That plaintiff, or the purchaser at the foreclosure sale recover possession of the mortgaged premises against said defendants or anyone holding under them;

(b) For damages for mesne profits; and

(c) For costs.

UDREN LAW OFFICES, P.C.

Veroneque A.T. Blake, Esquire

**Attorney for Plaintiff**

Date: 04/17/2014

NOTICE

The amount of your debt is either stated herein or in the Notice of Intention to Foreclose, which has been previously sent to you.  The name of the creditor to whom the debt is owed is as named in the attached document.  Unless you notify us within 30 days after receipt of this Notice and the attached document that the validity of the stated debt, or any portion of it, is disputed, we will assume that the debt is valid.  If you do notify us in writing of a dispute within the 30 day period, we will obtain verification of the debt or a copy of a judgment against you, and mail it to you.  Also, upon your written request within the 30 day period, we will provide you with the name and address of the original creditor if different from the current creditor.

If you notify us in writing within the 30 day period as stated above, we will cease collection of your debt, or any disputed portion of it, until we obtain the information that is required and mail it to you.  Once we have mailed to you the required information, we will then continue the collection of your debt.

This Notice and the attached document is an attempt to collect a debt, and any information obtained will be used for that purpose.

UDREN LAW OFFICES, P.C.

Veroneque A.T. Blake, Esquire

**Attorney for Plaintiff**
Woodcrest Corporate Center
111 Woodcrest Road, Suite 200
Cherry Hill, NJ 08003
(856) 669-5400



**Superior Title & Settlement, LLC**
Representing
Old Republic National Title Insurance Company
File Number: STS-4054





All that certain lot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the City of Plainfield, County of Union, State of New Jersey:

Bounded and described as follows:

BEGINNING at a point on the northerly sideline of Second Place therein distant 214.05 feet westerly from the corner formed by the intersection of the said northerly sideline of Second Place (50.00 feet wide) with the westerly sideline of East Ninth Street (60.00 feet wide); thence running

(1)     North 05 degrees 55 minutes 00 seconds East, 122.50 feet to a point; thence

(2)     North 84 degrees 30 minutes 00 seconds West, 57.45 feet to a point; thence

(3)     South 05 degrees 18 minutes 00 seconds West, 122.50 feet to a point on the aforementioned northerly sideline of Second Place; thence

(4)     Along the said northerly sideline of Second Place, South 84 degrees 30 minutes 00 seconds East, 56.12 feet to the point and place of BEGINNING.

For informational purposes only, the above described premises are further known and designated as Tax Lot 14 in Block 830, as shown on the current tax map of the City of Plainfield.

Representing:

*Old Republic National Title Insurance Company*

M12549-0170

SUPERIOR COURT OF NEW JERSEY
JUDGMENT: J-081743-2007 CASE NUMBER: CS 029158 85A
DATE ENTERED: 04/03/07 DATE OF BIRTH: 11/30/72
ACTION: CHILD SUPPORT
VENUE: SALEM
CREDITOR(S): IRIS ROSARIO
ATTY FOR CR.: PRO SE
DEBTOR(S): JULIO C MUNOZ
135 SUNSET DR, SALEM, NJ 08079
----------------
*** End of Abstract ***


SUPERIOR COURT OF NEW JERSEY
JUDGMENT: J-224361-2010 CASE NUMBER: CS 901328 71A
DATE ENTERED: 09/02/10 DATE OF BIRTH: 11/30/72
ACTION: CHILD SUPPORT
VENUE: SALEM
CREDITOR(S): MARY A MUNOZ ,ORIGINAL DOCKET - FD-17-000575-10
DEBTOR(S): JULIO C MUNOZ ,PRO SE
PO BOX 131, SWEDESBORO, NJ 08085-0131
----------------
*** End of Abstract ***


SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-232494-2012 CASE NUMBER: L 002701 12
DATE ENTERED: 10/26/12 DATE SIGNED: 09/25/12
TYPE OF ACTION: BOOK ACC
VENUE: PASSAIC
DEBT: $ 31,014.81
COSTS: $ 240.00
CREDITOR(S): THUNDERBOLT HOLDINGS LTD LLC
ATTORNEY: BAKER SANDERS LLC
DEBTOR(S): JULIO A MUNOZ
(No Address)
----------------
*** End of Abstract ***

# EXHIBIT B

FILED Sep 09, 2016

13080381-1
**UDREN LAW OFFICES, P.C.**
Woodcrest Corporate Center
111 Woodcrest Road, Suite 200
Cherry Hill, NJ 08003
(856) 669-5400
**Sherri Braunstein – #018002002**
Attorneys for Plaintiff

| | |
|---|---|
| **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-1**<br><br>PLAINTIFF, | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>**Union** COUNTY |
| vs. | DOCKET NO: F-F-015694-14 |
| **JULIO MUNOZ,** et al<br>DEFENDANT(S) | CIVIL ACTION<br>FINAL JUDGMENT |

Upon application to the Court by Udren Law Offices, P.C., attorneys for Plaintiff; and it appearing that the Summons and Complaint in Foreclosure, and Amended Complaint if applicable, were duly issued and served upon the following defendants in accordance with the Rules of this Court, and that said defendants have failed to file an Answer to said Foreclosure Complaint, and that said defendants' defaults have been entered by the Clerk of this Court:

**EVONE ALARCON, TENANT,**

**CACH OF NJ LLC,**

**CARMEN CARVALHO, TENANT,**

**ELIZABETH CRUZ, TENANT,**

**IRIS ROSARIO,**

**MARY A. MUNOZ,**

**MIDLAND FUNDING LLC,**

**JULIO MUNOZ,**

**STATE FARM INDEMNITY CO, EILEEN H. KIM BY SUBROGEE,**

**STATE OF NEW JERSEY,**

**THUNDERBOLT HOLDINGS LTD LLC,**

And it further appearing that Plaintiff's Note, Mortgage and other loan documents set forth in the Foreclosure Complaint including the Assignments of Mortgage, if applicable, have been presented and marked as Exhibits by the Court, and that proofs have been submitted of the amount due on Plaintiff's Note and Mortgage and sufficient cause appearing,

It is on this     **September 9, 2016**                    _, ORDERED and ADJUDGED

that the plaintiff is entitled to have the sum of **$631,688.05** together with lawful interest from

**03/16/2016** together with costs of this suit to be taxed including a counsel fee of

**$6,466.88**

raised and paid in the first place out of the mortgaged premises, and it is

further ordered that the plaintiff, its assignee or purchaser at sale recover against the following defendants:

**JULIO MUNOZ, CARMEN CARVALHO, TENANT, ELIZABETH CRUZ, TENANT, EVONE ALARCON, TENANT,**

and all parties holding under said defendants the possession of the premises so mentioned and described in the said Complaint with the appurtenances; and it is further

ORDERED and ADJUDGED that the mortgaged premises be sold to raise and satisfy the several sums of money due, in the first place to the plaintiff, **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-1**, in the sum of **$631,688.05** with lawful interest thereon to be computed as aforesaid, the plaintiff's costs to be taxed, with interest thereon, and that an execution for the purpose be duly issued out of this Court directed to the Sheriff of **Union** County, commanding said Sheriff to make sale according to law of the mortgaged premises described in the Complaint, **and Amended Complaint if applicable** and out of the money arising from said sale, that said Sheriff pay in the first place, to the plaintiff,

said plaintiff's debt, with interest thereon as aforesaid and said plaintiff's costs with interest thereon as aforesaid, and in case more money shall be realized by the said sale than shall be sufficient to satisfy such several payments as aforesaid, that such surplus be brought into this Court to abide the further Order of this Court and that the Sheriff aforesaid make a report of the aforesaid sale without delay as required by the rules of this Court, and it is further

ORDERED and ADJUDGED that the defendants in this cause, and each of them stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to said mortgaged premises described in the Complaint, when sold as aforesaid by virtue of this judgment.

Notwithstanding anything herein to the contrary, this judgment shall not affect the rights of any person protected by the New Jersey Tenant Anti-Eviction Act, N.J.8.A. 2A:18-61.1, *et seq.*, the right of redemption given the United States under 28 *US. C.* §2410, the limited priority rights for the aggregate customary condominium assessment for the six- month period prior to the recording of any association lien as allowed by *N.J.S.A.* 46:8B-21 or rights afforded by the Service members Civil Relief Act, 50 *US. C. App. 501 et seq.* or *N.J.S.A.* 38:23C-4. Furthermore priority is not awarded against that portion (if any) of Iris Rosario, Mary A. Munoz, which was outstanding as of the date of the plaintiff's mortgage. Plaintiff's priority over said judgment is limited to the portion of the judgment/support order which accrued after the date of the recording of the plaintiff's mortgage.

PAUL INNES, P.J.Ch

Respectfully Recommended
R. 1:34-6 OFFICE OF FORECLOSURE

# EXHIBIT C

**UDREN LAW OFFICES, P.C.**

Pennsylvania Office
100 W. 3rd Ave.
Suite 200
Conshohocken, PA 19428
(PH) 215-568-9500
*Mark J. Udren, Esq.*
*Licensed: PA, NJ, FL*

New Jersey Office
Woodcrest Corporate Center
111 Woodcrest Rd.
Suite 200
Cherry Hill, NJ 08003
(PH) 856-669-5400
(FX) 856-669-5399
www.udren.com

Florida Office
2101 W. Commercial Blvd
Suite 5000
Fort Lauderdale, FL 33309
(PH) 954-378-1757
(FX) 954-378-1758

July 13, 2017

Via Certified mail to:

EVONE ALARCON, TENANT
821-23 2ND PLACE, 2ND FLOOR, PLAINFIELD, NJ 07060

CACH OF NJ LLC
C/O FEIN, SUCH, KAHN & SHEPARD PC, 7 CENTURY DR STE 201, PARSIPPANY, NJ 07054

CARMEN CARVALHO, TENANT
821-23 2ND PLACE, 1ST FLOOR RIGHT, PLAINFIELD, NJ 07060

ELIZABETH CRUZ, TENANT
821-23 2ND PLACE, 1ST FLOOR, PLAINFIELD, NJ 07060

IRIS ROSARIO
NO MAILING PURSUANT TO RULE 1:5-1(A)

MARY A. MUNOZ
NO MAILING PURSUANT TO RULE 1:5-1(A)

MIDLAND FUNDING LLC
C/O PRESSLER & PRESSLER, 7 ENTIN ROAD, PARSIPPANY, NJ 07054

JULIO MUNOZ
821 2ND PLACE, APT 3, PLAINFIELD, NJ 07060

JULIO MUNOZ
821-23 2ND PLACE, PLAINFIELD, NJ 07060

STATE FARM INDEMNITY CO, EILEEN H. KIM BY SUBROGEE
C/O BINDER GOLDSTEIN, 401 HAMBURG TPKE, SUITE 302, WAYNE, NJ 07470

STATE OF NEW JERSEY
C/O OFFICE OF THE ATTORNEY GENERAL, HUGHES JUSTICE COMPLEX, 25 MARKET
STREET, TRENTON, NJ 08625

THUNDERBOLT HOLDINGS LTD LLC
100 GARDEN CITY PLAZA SUITE 500 (5TH FLOOR), GARDEN CITY, NY 11530

THUNDERBOLT HOLDINGS LTD LLC
130 SHORE ROAD, SUITE 226, PORT WASHINGTON, NY 11050

**NOTICE OF SHERIFF'S SALE**

PLAINTIFF:          CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND

**SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-1**

DEFENDANT:         **JULIO MUNOZ, et al**
DOCKET NO.:        **F-015694-14**
COUNTY:            **Union**
PROPERTY ADDRESS:  **821-23 2nd Place, Plainfield, NJ 07060**

Dear Sir/Madam:

This office represents the Plaintiff in the above-captioned foreclosure action. The above referenced property is scheduled to be exposed for Public Auction by the Sheriff of **Union** County on **07/26/2017.**

The approximate amount of the judgment to be satisfied by the sale is **$631,688.05**. The amount due on the day of the sale will be higher due to the costs to conduct the sale, including fees and commissions charged by the Sheriff, and the accruing state allowable per diem interest. In addition, the Plaintiff may have made advances for the payment of insurance and/or taxes which it may seek to recover.

After sale, parties named in the foreclosure judgment and non-parties may apply by motion for surplus funds. There must be notice of the Application to all parties named in the foreclosure and the Application must include an Affidavit or Certification setting forth information about the property, an explanation of how the claimant is connected to the foreclosure action, a computation of the amount due, identification of other parties in interest, explanation of why applicant's claim is superior and all supporting documentation. Applications also must include a copy of the Writ of Execution, Notice of Motion, a proposed form of Order, and a Certification of Service.

Parties named in the foreclosure judgment must make application for surplus funds to the Office of Foreclosure. If there is no opposition to the motion filed directly with the Office of Foreclosure, the Office of Foreclosure reports and recommends to the court a specific order in which the claim(s) should be paid. The report includes the amount due to a lien holder who has filed a claim with the appropriate proofs and the priority of the claims. Applications for Surplus Funds that are opposed will be referred to the county judge for hearing and disposition.

Non-parties must make application for surplus funds to the Chancery Judge in the County where the foreclosure property is located. Applications made by non-parties must be filed with and heard by the appropriate county judge.

For additional information regarding adjournments and the conditions of sale, please contact the Sheriff's office. For information on rights of Residential Tenants during foreclosure, see enclosed Notice.

THIS FIRM IS DEEMED A DEBT COLLECTOR. FEDERAL LAW REQUIRES US TO ADVISE YOU THAT THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**IF YOU ARE NOT OBLIGATED UNDER THE NOTE OR YOU ARE IN BANKRUPTCY OR YOU RECEIVED A DISCHARGE OF YOUR PERSONAL LIABILITY UNDER THE NOTE IN BANKRUPTCY, THIS COMMUNICATION IS NOT SENT TO COLLECT THE DEBT; RATHER, IT IS SENT ONLY TO PROVIDE INFORMATION WITH REGARD TO THE LENDER'S RIGHT TO ENFORCE THE LIEN OF MORTGAGE.**

UDREN LAW OFFICES, P.C.

BY: _____
Attorney for Plaintiff
Sheri J. Braunstein, Esquire
NJ ID 18002002

MJU#: 13080381 CASE#: 13080381-1

SWC-F-015694-14   07/13/2017 3:04:52 PM   Pg 22 of 3 Trans ID: CHC2017340300

## NOTICE TO RESIDENTIAL TENANTS OF RIGHTS DURING FORECLOSURE

A FORECLOSURE ACTION HAS BEEN FILED CONCERNING 821-23 2ND PLACE, PLAINFIELD, NJ 07060 AND THE OWNERSHIP OF THE PROPERTY MAY CHANGE AS A RESULT.

UNTIL OWNERSHIP OF THE PROPERTY CHANGES OR YOU ARE OTHERWISE INFORMED BY THE COURT OR THE MORTGAGE HOLDER, YOU SHOULD CONTINUE TO PAY RENT TO THE LANDLORD OR TO A RENT RECEIVER, IF ONE IS APPOINTED BY THE COURT. YOU SHOULD KEEP RECEIPTS OR CANCELLED CHECKS OF YOUR RENT PAYMENTS. IF YOU ARE NOT SURE HOW OR WHERE TO PAY RENT, SAVE YOUR RENT MONEY SO THAT YOU WILL HAVE IT WHEN THE OWNER DEMANDS IT. NONPAYMENT OF RENT IS GROUNDS FOR EVICTION.

FORECLOSURE ALONE IS GENERALLY NOT GROUNDS TO REMOVE A BONA FIDE RESIDENTIAL TENANT. TENANTS WHO WANT TO STAY IN THEIR HOMES CAN BE REMOVED ONLY THROUGH A COURT PROCESS. WITH LIMITED EXCEPTIONS, THE NEW JERSEY "ANTI-EVICTION ACT" PROTECTS RESIDENTIAL TENANTS' RIGHTS TO REMAIN IN THEIR HOME. THIS LAW INCLUDES PROTECTION FOR TENANTS WHO DO NOT HAVE WRITTEN LEASES.

IT IS UNLAWFUL FOR ANYONE TO TRY TO FORCE YOU TO LEAVE YOUR HOME OUTSIDE THE COURT PROCESS, INCLUDING BY SHUTTING OFF UTILITIES OR FAILING TO MAINTAIN THE PREMISES.

UDREN LAW OFFICES, P.C. IS A DEBT COLLECTOR AND THIS IS AN ATTEMPT TO
COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE.

IF YOU ARE NOT OBLIGATED UNDER THE NOTE OR YOU ARE IN BANKRUPTCY OR
YOU RECEIVED A DISCHARGE OF YOUR PERSONAL LIABILITY UNDER THE NOTE IN
BANKRUPTCY, THIS COMMUNICATION IS NOT SENT TO COLLECT THE DEBT;
RATHER, IT IS SENT ONLY TO PROVIDE INFORMATION WITH REGARD TO THE
LENDER'S RIGHT TO ENFORCE THE LIEN OF MORTGAGE.

SWC-F-015694-14   07/13/2017 3:04:32 PM   Pg 2 of 3 Trans ID: CHC2017340300

**UDREN LAW OFFICES, P.C.**
**ATTORNEYS FOR PLAINTIFF**
**WOODCREST CORPORATE CENTER**
**111 WOODCREST ROAD, SUITE 200**
**CHERRY HILL, NJ 08003-3620**
856-669-5400 pleadings@udren.com

| | |
|---|---|
| **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-1**<br>Plaintiff<br><br>v.<br>**JULIO MUNOZ**, et al<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>**Union** County<br>DOCKET NO.: **F-015694-14**<br>CIVIL ACTION<br><br>CERTIFICATION AS TO PROOF OF MAILING OF NOTICE OF SALE AND NOTICE TO RESIDENTIAL TENANTS OF RIGHTS DURING FORECLOSURE |

1.  Plaintiff, by and through its undersigned counsel, does hereby certify:

2.  On the _13th_ day of _July_, 20_17_, this office did mail by Certified Mail, return receipt requested, with required postage thereon, and/or by courier with an Acknowledgment of Service, a Notice of Sale of the real property and appurtenances thereof as set forth more particularly in the Writ of Execution in the above entitled cause and Notice To Residential Tenants of Rights During Foreclosure, to the parties, or attorneys representing parties, who have appeared or filed a pleading in the above entitled action, or who were the owners of record of the mortgaged premises as of the date of the commencement of this foreclosure action designated on the attached Service List.

3.  I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Date: _7/13/17_

UDREN LAW OFFICES, P.C.

BY: _____
Attorney for Plaintiff

**MJU#: 13080381 CASE#: 13080381-1**

Sherri J. Braunstein, Esquire
NJ ID 18002002

## SERVICE LIST

PLAINTIFF: **CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-1**
DEFENDANT: **JULIO MUNOZ**, et al
DOCKET NO.: F-015694-14
COUNTY: **Union**

MJU#: **13080381** CASE#: **13080381-1**

FURNISHED BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED, WITH REQUIRED POSTAGE THEREON, BY U.S. MAIL DELIVERY, AND/OR BY COURIER WITH AN ACKNOWLEDGMENT OF SERVICE:

**EVONE ALARCON, TENANT**
**821-23 2ND PLACE, 2ND FLOOR, PLAINFIELD, NJ 07060**

**CACH OF NJ LLC**
**C/O FEIN, SUCH, KAHN & SHEPARD PC, 7 CENTURY DR STE 201, PARSIPPANY, NJ 07054**

**CARMEN CARVALHO, TENANT**
**821-23 2ND PLACE, 1ST FLOOR RIGHT, PLAINFIELD, NJ 07060**

**ELIZABETH CRUZ, TENANT**
**821-23 2ND PLACE, 1ST FLOOR, PLAINFIELD, NJ 07060**

**IRIS ROSARIO**
**NO MAILING PURSUANT TO RULE 1:5-1(A)**

**MARY A. MUNOZ**
**NO MAILING PURSUANT TO RULE 1:5-1(A)**

**MIDLAND FUNDING LLC**
**C/O PRESSLER & PRESSLER, 7 ENTIN ROAD, PARSIPPANY, NJ 07054**

**JULIO MUNOZ**
**821 2ND PLACE, APT 3, PLAINFIELD, NJ 07060**

**JULIO MUNOZ**
**821-23 2ND PLACE, PLAINFIELD, NJ 07060**

**STATE FARM INDEMNITY CO, EILEEN H. KIM BY SUBROGEE**
**C/O BINDER GOLDSTEIN, 401 HAMBURG TPKE, SUITE 302, WAYNE, NJ 07470**

**STATE OF NEW JERSEY**
**C/O OFFICE OF THE ATTORNEY GENERAL, HUGHES JUSTICE COMPLEX, 25 MARKET STREET, TRENTON, NJ 08625**

**THUNDERBOLT HOLDINGS LTD LLC**
**100 GARDEN CITY PLAZA SUITE 500 (5TH FLOOR), GARDEN CITY, NY 11530**

**THUNDERBOLT HOLDINGS LTD LLC**
**130 SHORE ROAD, SUITE 226, PORT WASHINGTON, NY 11050**